UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN J. MICHALEK,

           Petitioner,

   v.

JEFFERSON COUNTY JAIL, *et al.*,

           Respondents.

CASE NO. 3:19-cv-06169-BHS-JRC

ORDER TO FILE AMENDED PETITION

This matter is before the Court on referral. Petitioner's 28 U.S.C. § 2254 petition requests relief from conditions of confinement and pretrial detention. Such claims are inappropriate in a § 2254 action; further, petitioner's claims are unexhausted and barred by *Younger* abstention. Therefore, the Court directs petitioner to file a § 2241 petition on or before **May 25, 2020** that remedies the deficiencies identified below.

**BACKGROUND**

Petitioner is currently incarcerated in Jefferson County Jail, and he asserts claims against the Jail, Jefferson County Court House, Port Townsend Police Department, Patrick Fudally, and

1  Daniel Rios.  *See* Dkt. 1-1, at 1.  Petitioner alleges that he is being held in jail without a release

2  or court date.  Dkt. 1-1, at 3.  He claims that his case has been abandoned, that he is unable to

3  contact his attorney, that the court has forced him to waive his speedy trial rights, that his trial

4  was held remotely, that documents are being misdated, that he was coerced into pleading guilty,

5  and that the evidence against him is falsified.  Dkt. 1-1, at 4, 7, 14.  Petitioner also appears to

6  bring claims related to his conditions of confinement—namely, allegations related to how he was

7  handled during his arrest and for having to sleep on uncomfortable mattresses.  *See* Dkt. 1-1, at

8  11–12.

## DISCUSSION

10  The matter is now before the Court on preliminary review of the petition to determine

11  whether "it plainly appears from the face of the petition and any attached exhibits that the

12  petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254

13  Cases; *see also* 28 U.S.C. § 2243 (Rules Governing Section 2254 cases may also be applied to

14  habeas corpus actions filed under § 2241).

15  To the extent that petitioner seeks to bring § 1983 claims for conditions of his arrest and

16  confinement (*see* Dkt. 1-1, at 18), he cannot bring those claims in a habeas corpus petition.  An

17  "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the

18  prisoner's physical confinement itself and seeks either immediate release from that confinement

19  or the shortening of its duration.  With regard to such actions, habeas corpus is now considered

20  the prisoner's exclusive remedy."  *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal

21  quotation omitted).  "A civil rights action [under 42 U.S.C. § 1983], in contrast, is the proper

22  method of challenging conditions of confinement."  *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir.

1991). Thus petitioner's claims about the mattresses and force during his arrest should not be brought in a habeas petition.

Moreover, the Court takes judicial notice that petitioner appears to have already brought these claims in a § 1983 case pending before another judge in this court. *See Brian Judah Michalek v. Port Townsend Police Department, et al.*, 3:19-cv-06170-RJB-DWC. Petitioner must therefore show cause why his § 1983 claims in this matter should not be dismissed.

Regarding petitioner's habeas claims, he appears to seek relief appropriate in a matter brought under 28 U.S.C. § 2241. A habeas petition under § 2241 "challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Benny v. U.S. Parole Commission,* 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241(c)(3)). However, petitioner has filed a 28 U.S.C. § 2254 petition—one which is appropriate for someone who is in custody under a state court judgment. *See Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018) (internal citation and quotations omitted). Because there is not yet a judgment in petitioner's criminal case, his claims should have been brought in a § 2241 petition.

Moreover, even if properly filed, petitioner's petition is unexhausted. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

1       Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the
2 courts have held exhaustion is necessary as a matter of comity unless special circumstances
3 warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-
4 84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show that he
5 exhausted state court remedies by presenting federal constitutional or statutory claims to the
6 Washington state trial and appellate courts in the ongoing criminal proceedings against him.
7 Petitioner has also not shown that special circumstances warrant federal intervention in this case.
8 Therefore, Petitioner must show cause why this case should not be dismissed for failure to
9 exhaust state remedies.

10       As a separate matter, *Younger* abstention also appears to apply here. Under *Younger*,
11 abstention from interference with pending state judicial proceedings is appropriate when: "(1)
12 there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state
13 interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional
14 challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of
15 enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th
16 Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th
17 Cir. 2014)). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad
18 faith, harassment, or some other extraordinary circumstance that would make abstention
19 inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435
20 (1982).

21       First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these
22 proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v.*
23 *Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to
24

allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings.  Last, the petition, while unclear, would effectively enjoin the ongoing state judicial proceeding.  As the *Younger* abstention may apply to petitioner's claims, petitioner must show cause why this case should not be dismissed under *Younger*.

## DIRECTIONS TO PETITIONER AND CLERK

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court.  The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference.  The amended petition will act as a complete substitute for the petition, and not as a supplement.  The amended petition shall not contain any challenges to petitioner's conditions of confinement.

The Court notes the proper respondent is the person who has custody over petitioner.  *See* 28 U.S.C. § 2242.  If petitioner files an amended petition, he must ensure the amended petition names the correct respondent.

If Petitioner fails to file an amended petition adequately addressing the issues identified in this Order on or before **May 25, 2020**, the undersigned will recommend dismissal of this action.  The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 24th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge