UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN J. MICHALEK,

          Petitioner,

   v.

JEFFERSON COUNTY JAIL, *et al.*,

          Respondents.

CASE NO. 3:19-cv-06169-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  August 28, 2020

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.

The undersigned recommends dismissal of the habeas petition without prejudice on the basis that it is duplicative of an earlier-filed pending matter in this Court.

**BACKGROUND**

Petitioner brought this matter in December 2019 and proceeds *pro se* and *in forma pauperis*.  *See* Dkts. 1, 9.  Petitioner originally filed his petition under 28 U.S.C. § 2254;

1    however, because his claims appeared to pertain to the validity of pretrial confinement (*see* Dkt.

2    1-1), the Court directed him to file a petition under 28 U.S.C. § 2241 and to address whether his

3    claims were unexhausted and barred by abstention based on *Younger v. Harris*, 401 U.S. 37

4    (1971).  *See* Dkt. 12.

5        Petitioner filed a petition under § 2241.  Dkt. 15.  In the amended petition, however,

6    petitioner clarified that he was seeking relief from a 364-day sentence imposed by the Jefferson

7    County Superior Court in 2019.  *See* Dkt. 15, at 2, Dkt. 15-1, at 8.  Because it appeared that

8    petitioner's basis for relief is that he was that he was not being given "good time" credit—the

9    same argument he raised in another petition brought in this Court under a separate cause number

10   (2:19-cv-6023-BHS-DWC)—the Court again ordered petitioner to show cause.  *See* Dkt. 16.

11   The Court informed plaintiff that—

12       it . . . appears to the Court that petitioner's habeas petition in this matter is
         duplicative of his pending habeas petition under cause number 2:19-cv-6023-BHS-
13       DWC and concerns challenges to the same underlying conviction and sentence.
         Where a *pro se* habeas petitioner files a second petition while the first petition is
14       pending, the second petition should be treated as a motion to amend the first
         petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).  Therefore, the
15       Court orders petitioner to show cause on or before July 17, 2020, why this matter
         should not be considered and docketed as a motion to amend his petition under
16       cause number 2:19-cv-6023-BHS-DWC and why the cause numbers should not be
         consolidated.

17   Dkt. 16, at 2.

18       In petitioner's case under cause number 2:19-cv-06023-BHS-DWC, Magistrate Judge

19   David W. Christel also informed petitioner that he could not bring duplicative petitions.  *See* Dkt.

20   20, at 3, 2:19-cv-06023-BHS-DWC.  After this Court entered its show cause order, which was

21   docketed under both cause numbers, Judge Christel informed petitioner that he "should not file

22   multiple cases challenging the same state conviction and sentence" and directed petitioner "to

23   file an amended petition in this case that includes all grounds for relief arising from the state

24

REPORT AND RECOMMENDATION - 2

conviction and sentence challenged in this case." Dkt. 20, at 3, 2:19-cv-06023-BHS-DWC.

Judge Christel explained that "[t]he second amended petition must also include all claims for

relief arising from the underlying state conviction and sentence." Dkt. 20, at 3, 2:19-cv-06023-

BHS-DWC. Petitioner then filed an amended § 2254 petition in his cause number assigned to

Judge Christel, and his petition was served. *See* Dkts. 22, 23, 2:19-cv-06023-BHS-DWC.

In response to the show cause order in this case, petitioner wrote a letter to the Court re-

asserting that he seeks to challenge the calculation of his "good time." Dkt. 17, at 1.

**DISCUSSION**

Petitioner's letter to the Court and amended habeas petition show that his claims in this

action are substantially the same as the claims under cause number 2:19-cv-06023-BHS-DWC.

Petitioner makes the same arguments that his sentence has been improperly calculated and that

he is innocent of the crime of which he was convicted in both petitions. *Compare* Dkt. 15-1, at

3–4, 8, *with* Dkt. 22, at 2, 5, 13, 2:19-cv-06023-BHS-DWC. The state court cause numbers he

lists in his habeas petition in this matter are also listed in his petition before Judge Christel.

*Compare* Dkt. 15, at 2, *with* Dkt. 22, at 1.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation."

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain

two separate actions involving the same subject matter at the same time in the same court and

against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th

Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After

weighing the equities of the case, the district court may exercise its discretion to dismiss a

duplicative later-filed action." *Id.* at 688. Thus a District Court may dismiss a habeas action that

1    is clearly duplicative of a pending, earlier-filed habeas action. *E.g. Diaz v. Frauenheim*, No.

2    519CV01441PAGJS, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

3        The Ninth Circuit has held that a later-filed habeas petition should generally be

4    considered a motion to amend an earlier-filed pending habeas petition. *See Woods v. Carey*, 525

5    F.3d 886, 890 (9th Cir. 2008).  Consistent with *Woods*, petitioner was given notice and allowed

6    to amend his petition in cause number 2:19-cv-6023-BHS-DWC, once petitioner clarified that

7    this matter involved the same underlying convictions and sentences.  As noted above, the Court

8    has discretion to dismiss this matter as duplicative, now that petitioner has brought all his claims

9    under cause number 2:19-cv-6023-BHS-DWC.  Construing plaintiff's recent letter to the Court

10    as a motion to amend serves no purpose, now that petitioner has been offered—and has taken—

11    the opportunity to amend his prior petition to include his claims in this matter and since this

12    matter is now entirely redundant with the prior petition. *Accord Pierce v. Obama*, No. 1:14-CV-

13    01992-GSA-HC, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015)

14        Therefore, the undersigned recommends dismissal without prejudice of this matter.

15        A certificate of appealability should also be denied.  A state prisoner who is proceeding

16    under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) to

17    challenge process issued by a state court. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).

18    A COA may be issued only where a petitioner has made "a substantial showing of the denial of a

19    constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by

20    demonstrating that jurists of reason could disagree with the district court's resolution of his

21    constitutional claims or that jurists could conclude the issues presented are adequate to deserve

22    encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  As

23

24

1    relevant here, jurists of reason would not conclude that the issues presented by this duplicative

2    matter deserve encouragement to proceed further, so that a COA should be denied.

3          Similarly, petitioner's *in forma pauperis* ("IFP") status should be revoked for purposes of

4    an appeal of this matter.  IFP status on appeal shall not be granted if the district court certifies

5    "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]"  Fed.

6    R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3).  A petitioner satisfies the "good faith"

7    requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous

8    where it lacks any arguable basis in law or fact.  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.

9    1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Appeal from this duplicative matter

10   would be frivolous, so that IFP status should be revoked for purposes of any appeal.

11

12                                          **CONCLUSION**

13         The habeas petition should be dismissed without prejudice.  A certificate of appealability

14   should not issue, and petitioner's *in forma pauperis* status should be revoked for purposes of

15   appeal from this matter.

16         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

17   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

18   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

19   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

20   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

21   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

22   ///

23

24

1    Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to

2  set the matter for consideration on August 28, 2020, as noted in the caption.

3    Dated this 13th day of August, 2020.

4

5

6

7    J. Richard Creatura
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24